# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD L. THOMAS, III,** | : | **CIVIL ACTION NO. 1:08-CV-1133** |
| | : | |
| Petitioner | : | **(Judge Conner)** |
| | : | |
| v. | : | |
| | : | |
| **WARDEN D. EBBERT**, | : | |
| | : | |
| Respondent | : | |

## MEMORANDUM

Presently before the court is a petition for writ of habeas corpus (Doc. 1) by petitioner, Edward L. Thomas, III, ("Thomas"). He asserts that the United States Parole Commission ("Commission") violated his due process rights. For the reasons set forth below, the petition will be granted in part and denied in part.

**I.  Statement of Facts**

In 1986, Thomas was convicted in the Superior Court of the District of Columbia of Possession with Intent to Deliver PCP, Escape, and two counts of Armed Robbery. (Doc. 9-2, at 3.) He was sentenced to a term of incarceration of twenty-one years. (Id.) He was paroled on January 6, 2003. (Id. at 5.)

On August 20, 2003, he was arrested in the District of Columbia on new criminal charges. (Doc. 1, at 10.) On October 9, 2003, the Commission issued a warrant charging Thomas with a number of parole violations, including "Law violations - a) 1st Degree Child Sex Abuse, b) Carnal Knowledge Involving a Minor, c) Sodomy involving a Minor, d) Unlawful Sexual Conduct With a Minor." (Doc. 9-2, at 9.) The warrant was accompanied by a letter which informed the United

States Marshal that "[t]he parolee is awaiting trial or sentencing on new charges; place a detainer and assume custody when released." (Id. at 10.) Thomas pled guilty to the charge of Attempted 1st Degree Child Sexual Abuse. (Id. at 11.) In November 2003, he was sentenced to a thirteen-year period of imprisonment, followed by a three-year term of supervised release. (Doc. 9-2, at 11.)

In January 2004, he states that he wrote two letters to the Commission requesting a parole violation hearing, but received no response. (Doc. 1, at 10.) According to Thomas, he was in custody for approximately forty-eight months before the Commission notified him of the warrant charging him with parole violations. (Id. at 10.) In July 2007, he sought copies of all files/records related to his parole by way of a Freedom of Information request. (Doc. 1, at 20.) He also sought clarification from the United States Marshal's Service, which directed him to file a Freedom of Information Act request. (Id. at 19.)

Relying on federal regulations found at 28 C.F.R. § 2.47(a)(2) and District of Columbia Code provision 2.100, Thomas claims that he has been prejudiced by the Commission's failure to give him a dispositional review hearing within 180 days. (Doc. 1, at 11-13.) He requests that the detainer be quashed. (Id.)

## II. Discussion

Thomas' reliance on 28 C.F.R. § 2.47(a)(2) (to argue that his due process rights were violated because he was not afforded a dispositional review within 180 days) is misplaced. This provision assures the timeliness of a revocation hearing and review for federal parolees, not District of Columbia parolees, who are

regulated by 28 C.F.R. § 2.70, *et seq*. For instance, when a District of Columbia offender's parole is revoked, as in this case, 28 C.F.R. § 2.100 applies. In the event that a District of Columbia parolee is convicted of a new crime warranting imprisonment, a parole violation warrant may be placed against that individual as a detainer. 28 C.F.R. § 2.100(a). If the parolee is serving a new sentence, and is currently ineligible for parole under that sentence, the Commission shall conduct a review of the detainer at the request of the parolee and may, at its discretion, exercise options which include "let[ting] the detainer stand until the new sentence is completed" and, following the parolee's release, conduct an institutional revocation hearing.[1] 28 C.F.R. § 2.100(c)(3); see Brooks v. U.S. Parole Comm'n, 510 F. Supp. 2d 104 (D.D.C. 2007).

It is clear from the record that the Commission has acted in accordance with 28 C.F.R. § 2.100. Although Thomas sought clarification regarding the detainer by filing Freedom of Information Act requests (Doc. 1, at 19-20), there is nothing in the record corroborating his representation that he submitted two written requests to the Commission for review of the detainer. In the absence of such a request, the

---

[1] In the case of an incarcerated parole violator, an otherwise constitutionally-mandated preliminary hearing is not needed because the parolee's subsequent conviction would serve as probable cause for a parole violation, and, more importantly, because the issuance of a detainer does not immediately deprive the parolee of liberty. Moody v. Daggett, 429 U.S. 78, 86 (1976). The mere prospect of future incarceration from the parole violation itself does not have any "present or inevitable effect" upon the individual in question and no "right" exists to force a decision or hearing prior to the end of incarceration. Id. at 87-88.

Commission's election to defer the dispositional hearing until the completion of service of his new sentence is within its authority under 28 C.F.R. § 2.100(c)(3).

Notwithstanding the above, the petition will be granted to the extent that the Commission will be directed to treat Thomas' present application as a request for review of the detainer pursuant to 28 C.F.R. § 2.100(c). The petition will be denied in all other respects.

An appropriate order follows.

S/ Christopher C. Conner  
CHRISTOPHER C. CONNER  
United States District Judge

Dated:        November 4, 2008

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD L. THOMAS, III,** | : | **CIVIL ACTION NO. 1:08-CV-1133** |
| **Petitioner** | : | **(Judge Conner)** |
| v. | : | |
| **WARDEN D. EBBERT**, | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 4th day of October, 2008, for the reasons set forth in the foregoing memorandum, it is hereby ORDERED that:

1. The petition for writ of habeas corpus is GRANTED to the extent that respondent shall treat the petition as a request for review of the detainer and forward it to the United States Parole Commission within thirty days of the date of this order for review pursuant to 28 C.F.R. § 2.100(c).

2. The petition is DENIED in all other respects.

3. The Clerk of Court is directed to CLOSE this case.

    S/ Christopher C. Conner
CHRISTOPHER C. CONNER
United States District Judge