IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **EDWARD L. THOMAS, III,** : | **CIVIL ACTION NO. 1:08-CV-1133** |
| : | |
| Petitioner : | **(Judge Conner)** |
| : | |
| v. : | |
| : | |
| **WARDEN D. EBBERT**, : | |
| : | |
| Respondent : | |

## **MEMORANDUM**

Presently before the court is the motion of petitioner, Edward L. Thomas, III ("Thomas"), seeking reconsideration (Doc. 14) of this court's memorandum and order (Doc. 12) of November 4, 2008, granting in part and denying in part the petition for writ of habeas corpus seeking to quash a United States Parole Commission ("the Commission") detainer. For the reasons set forth below, the motion for reconsideration will be denied.

**I.   Background**

In the November 4, 2008 memorandum and order, the court concluded that the record did not support Thomas's representation that he submitted two written requests to the Commission for review of the detainer. The court also held that, in the absence of such a request, the Commission's election to defer his dispositional hearing until the completion of service of his new sentence was within its authority under 28 C.F.R. § 2.100(c)(3). Notwithstanding this conclusion, the petition was granted to the extent that respondent was directed to treat the petition as a request for review of the detainer pursuant to 28 C.F.R. § 2.100(c) and forward it to the

Commission for review. The petition was denied in all other respects. On November 24, 2008, respondent notified the court that he had complied with the order of court by forwarding the petition to the Commission for review of the detainer. (Doc. 15, at 2, 3.)

## II.   Standard of Review

"A proper motion to alter or amend judgment must rely on one of three major grounds: '(1) an intervening change in controlling law; (2) the availability of new evidence [not available previously]; [or], (3) the need to correct clear error [of law] or prevent manifest injustice.'"), and merely reargues matters addressed by the court and disposed of in the previous order. North River Ins. Co. v. Cigna Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995) (citations omitted); see Waye v. First Citizen's Nat'l Bank, 846 F. Supp. 310, 314 (M.D. Pa.) ("A motion for reconsideration is not to be used to reargue matters already argued and disposed of."), aff'd, 31 F.3d 1174 (3d Cir. 1994); see also Database America, Inc. v. Bellsouth Adver. & Publ'g Corp., 825 F. Supp. 1216, 1220 (D.N.J. 1993) (citations omitted) ("A party seeking reconsideration must show more than a disagreement with the Court's decision, and 'recapitulation of the cases and arguments considered by the court before rendering its original decision fails to carry the moving party's burden.'")

**III.    Discussion**

Petitioner does not argue that there was an intervening change in controlling law or that new evidence, not previously available, became available. He appears to be relying on the ground that there is a need to correct a clear error of law or prevent manifest injustice.

Thomas first argues that the court erred when it concluded that the Commission complied with 28 C.F.R. § 2.100(c) despite its failure to conduct a review of the detainer.[1] In support of his argument, he submits, for the first time, copies of two letters he sent to the Commission.[2] In the first letter, dated February 25, 2004, addressed "To Whom it May Concern," he requests "a hearing on his parole situation." (Doc. 14, at 6, Exhibit D.) The second letter, dated December 15, 2004, is addressed "Dear Sir/Madame," and requests "a hearing to determine my status regarding parole." (Id. at 8, Exhibit E.) Petitioner claims that these letters constitute requests to the Commission for review of the detainer.

---

[1] If a parolee's new sentence is ineligible for parole, "the Commission shall review the detainer upon the request of the parolee" and may, "[l]et the detainer stand until the new sentence is completed. Following the release of the parolee, and the execution of the Commission's warrant, an institutional revocation hearing shall be conducted after the parolee is returned to federal custody." 28 C.F.R. § 2.100(c)(3). The Commission must only review the detainer "upon the request of the parolee." Id.

[2] Petitioner requests that the court accept his letters to the Commission. (Doc. 14, at 6, 8, Exhibits "D" and "E"). Respondent does not object to such action and, consequently, the letters will be deemed part of the record.

3

Our sister court in the District of New Jersey has held that parolee correspondence requesting a "revocation hearing," and not a "review of detainer" is insufficient for purposes of § 2.100(c).  Johnson v. U.S. Parole Comm'n, Civ. No. 05-3167, 2006 WL 1540837, at *3 (D. N.J. May 31, 2006.)  The Johnson court concluded: "[T]he plain meaning of § 2.100(c) states that the review of a detainer is only triggered by a request for a review of detainer hearing made by the parolee." Johnson, 2006 WL 1540837, at *3.  Applying the Johnson court's holding to the specific language of petitioner's correspondence leads ineluctably to the conclusion that his request for review of parole status, as opposed to a request for review of the detainer, does not trigger the review requirements of § 2.100(c).  Arguably, a broad and liberal construction of Thomas's correspondence would lead to the opposite conclusion.[3]

Fortunately, the court need not resolve this issue because Thomas has already received the only relief to which he is entitled, to wit: the review itself.[4] This court previously directed respondent to treat the petition for habeas corpus as a request for review of detainer pursuant to 28 C.F.R. § 2.100(c)(3) and to forward it to the Commission so that such review may commence forthwith.  Respondent filed a notice on November 24, 2008, representing that "he has complied with the Court's

---

[3] A "review" of the detainer does not require petitioner's presence.  Riley v. Holt, No. 04-1976, 2005 WL 1154755, at *2 n.3 (M.D. Pa. May 4, 2005).

[4] Although Thomas contends that the Commission's negligent conduct warrants quashing the detainer, he provides no authority for this relief and the court's independent research has revealed no support for such a drastic measure.

4

Order of November 4, 2008, by forwarding Thomas' petition for review for writ of habeas corpus to the United States Parole Commission ("USPC") for review of the detainer within thirty days of the date of the Order. Further, the USPC has initiated a review of the detainer as directed." (Doc. 15, at 1-2.)

Thomas also asserts error in the court's finding that reliance on 28 C.F.R. 2.47(a)(2) was misplaced. (Doc. 14, at 3.) Petitioner simply reargues the same position raised in his petition. Therefore, he is not entitled to relief on this ground.

In addition, Thomas contends that ". . . the Court erred in allowing the Warrant Application and Memorandum, dated October 9th 2003, to stand as the Federal Detainer dated 06/14/07." (Doc. 14, at 4.) He seeks to nullify the detainer on the basis that the Commission issued the parole violator warrant and detainer in violation of 18 U.S.C. § 4214(b). His reliance on 18 U.S.C. § 4214(b)(1) is misplaced.[5] Section 4214(b)(1), like 28 C.F.R. § 2.47, assures the timeliness of a revocation hearing and review of detainer for federal parolees, not DC parolees such as petitioner. DC parolees are regulated by 28 C.F.R. § 2.70 *et seq*.

To the extent Thomas seeks relief based on the Commission's failure to provide him with a copy of the warrant or detainer until forty-six months after it was issued, his claim fares no better. As noted by respondent, Thomas must

---

[5]Section 4214 and the other provisions of the Parole Commission and Reorganization Act of 1976 were repealed by the Comprehensive Crime Control Act of 1984, Pub.L. No. 98-473, Title II, § 218(a)(5), 98 Stat. 1837, 2027. The chapter containing section 4214 remained in effect, however, until 2005 as to federal convictions obtained prior to November 1, 1987, § 235(b), 98 Stat. at 2031.

demonstrate that he was prejudiced by the delay. (Doc. 20, at 6, citing, *inter alia*, Franklin v. Fenton, 642 F.2d 760, 764 (3d Cir. 1980)). No such prejudice exists. "A detainer is designed merely to provide notice to the institution of confinement that a warrant has been issued and that the Commission intends to consider the question of parole revocation at a later date." Butler v. U.S. Parole Comm'n, 570 F. Supp. 67, 73 (M.D. Pa. 1983) (citing Moody v. Daggett, 429 U.S. 78, 86 (1976). The issuance of a detainer does not immediately deprive the parolee of liberty, Moody, 429 U.S. at 86, and the Commission has no obligation to execute the warrant until petitioner completes his intervening sentence, Wynn v. Gaines, Civ. No. 05-1974, 2006 WL 1071522, at *2 (D. D.C. Apr. 21, 2006) (citing Moody, 429 U.S. at 86-87 (1976)). The mere prospect of future incarceration from the parole violation itself does not have any "present or inevitable effect" upon the individual in question. Id. at 87-88. Accordingly, petitioner has received all the process to which he is entitled under Commission regulations. He fails to demonstrate the need to correct a clear error of law or prevent manifest injustice.

**IV.   Conclusion**

For the reasons set forth above, petitioner's motion for reconsideration (Doc. 14) will be denied. An appropriate order accompanies this memorandum.


    S/ Christopher C. Conner
    CHRISTOPHER C. CONNER
    United States District Judge

Dated:     February 17, 2009

# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **EDWARD L. THOMAS, III,** | : | CIVIL ACTION NO. 1:08-CV-1133 |
| **Petitioner** | : | (Judge Conner) |
| v. | : | |
| **WARDEN D. EBBERT**, | : | |
| **Respondent** | : | |

## **ORDER**

AND NOW, this 17th day of February, 2009, in accordance with the accompanying memorandum, it is hereby ORDERED that plaintiff's motion for reconsideration (Doc. 14) is DENIED.

        S/ Christopher C. Conner
        CHRISTOPHER C. CONNER
        United States District Judge